IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| SHERZAD JABBARY, | ) | Civil No. 08-0050 |
| | ) | |
| Petitioner, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL MUKASEY, Attorney General | ) | |
| of the United States, et al, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Petitioner Sherzad Jabbary brings this action against respondents Michael Mukasey, Attorney General of the United States, and several other federal officials. Petitioner seeks a judgment declaring that respondents have unlawfully refused to timely process his application for adjustment of status and an order barring respondents from instituting any proceedings seeking to rescind approval of his adjustment of status unless such rescission is based upon newly obtained information that is not in respondents' possession when the adjustment of status is made.

ORDER - 1

Respondents move to dismiss this action pursuant to Fed. R. Civ. P. 12(1) and 12(b)(6) on the grounds that, following respondents' recent grant of petitioner's application for adjustment of status, this action is moot.

## BACKGROUND

On January 9, 2008, petitioner filed a complaint alleging the following facts, which are accepted as true for the purposes of evaluating the pending motion to dismiss.

Petitioner is an Iraqi citizen who formerly lived in the northern region of Iraq known as Kurdistan. Petitioner fled Iraq in 1996 to escape Iraqi forces dispatched to quell a rebellion in Kurdistan that was supported by the United States. He was evacuated to Guam by the United States government. Petitioner was interviewed by the FBI and later granted asylum in the United States.

On January 31, 2003, petitioner filed an application for Adjustment of Status, using agency form I-485, based upon the grant of United States asylum he had received earlier. Petitioner filed his application with the United States Citizenship and Immigration Services Center in Lincoln, Nebraska (USCIS Lincoln). In support of the application, he was fingerprinted by USCIS on August 7, 2004, December 20, 2005, and June 2, 2007.

In his complaint, petitioner alleged that, though he meets all requirements for adjustment of status, "his application remains pending and undecided by USCIS, as it has been for almost five years." Petitioner adds that he "has repeatedly attempted to learn the reason for this, and he can only find out that 'security checks are still pending,' or words to that effect." He further alleges that his "application has fallen well behind the processing times for other adjustment applications pending with the USCIS Portland local office," that

ORDER - 2

his "application is well over normal processing time," and that he "is in compliance with all material official instructions."

Petitioner seeks an order requiring respondents to rule on his application for adjustment of status to that of a permanent resident of the United States "promptly and within a time set by the court," and a judgment declaring that respondents have unlawfully failed and refused to process his application for adjustment within a reasonable time.  Petitioner also seeks a provision in the judgment barring respondents from instituting any proceedings seeking to rescind approval of his adjustment of status "unless such rescission is based on newly obtained information not in respondents' possession at the time of adjustment."

## STANDARDS FOR EVALUATING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

In evaluating a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept the allegations of material fact as true, and must construe those allegations in the light most favorable to the non-moving party.  <u>Parks Sch. of Bus. v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995).  A claim should be dismissed only if it appears beyond doubt that the plaintiff can establish no set of facts under which relief could be granted.  <u>Jacobsen v. Hughes Aircraft Co.</u>, 105 F.3d 1288, 1292 (1997) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

## DISCUSSION

In support of their motion to dismiss, respondents have submitted uncontroverted evidence demonstrating that, on February 6, 2008, USCIS approved petitioner's application for adjustment of status to that of a permanent resident.  In a declaration submitted in support

ORDER - 3

of respondents' motion to dismiss, Michael Cannon, Section Chief, National Name Check Program Section, Records Management Division of the Federal Bureau of Investigation, describes the FBI's "name check" program and the manner in which requests for name checks received from USCIS are processed. Cannon states that the FBI received a request for a check of petitioner's name on March 10, 2003, and that the check was completed on December 18, 2007 "in accordance with the procedures" described in his declaration.

Respondents contend that this court lacks jurisdiction over this matter, and that petitioner's complaint does not state a claim upon which relief may be granted, because USCIS has granted him the relief sought in this action by approving his application for adjustment of his status to that of permanent resident. They contend that this action is now moot, and that there is no further relief remaining which this court may provide petitioner. Respondents further assert that petitioner's request for injunctive relief restricting respondents' ability to rescind approval of his adjustment of status in the future does not state a claim upon which relief may be granted because petitioner has not alleged any facts supporting the conclusion that the adjustment of status already made might be improper. They add that, because "any potential rescission would still result in adjudication of the application," there is no risk "that the harm that the unreasonable delay that the Petitioner asked the Court to remedy will ever happen again." Respondents reiterate that "there is no chance that Petitioner will be subject to the same challenged action in the future . . . ."

These contentions are well founded, because an action becomes moot when the conduct of which a plaintiff seeking injunctive or declaratory relief has ceased, and there is no danger that the defendant will again act in the manner of which the plaintiff complains. See, e.g., Arizonans for Official English v. Arizona, 520 U.S. 43, 47 (1997) (case must present actual controversy in order to be subject to federal adjudication); GATX/Airlog Co. v. United

ORDER - 4

States Dist. Court for Northern Dist. of Cal., 192 F.3d 1304, 1306 (9th Cir. 1999) (dismissal of case as moot appropriate when no effective relief remains for court to provide).

As petitioner correctly notes, though a respondent's decision to voluntarily cease the conduct complained of does not necessarily deprive the court of its power to determine the legality of the conduct in question, actions are properly dismissed as moot if it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc., 528 U.S. 167, 189 (2000). A respondent who contends that an action is moot bears the "heavy burden" of establishing that the conduct at issue cannot reasonably be expected to recur.  Id.

Here, petitioner contends that it is not "absolutely clear" that USCIS will comply with its obligations under applicable regulations and the United States Constitution in the future. Petitioner notes that 8 U.S.C. § 1256 provides for revocation of an adjustment of status if an applicant was ineligible for adjustment when his status was adjusted.  He contends that, because the government has not demonstrated that it "will not take any such action" against him in the future, respondents have not met the heavy burden of establishing that this action is moot.  Petitioner adds that respondents have "given no assurances that the challenged action will not take place again."

Petitioner cites Abou El-Majd v. Gonzales, 2006 WL 2994820 (D. Or. Oct. 19, 2006) in support of his contention that respondents' adjustment of his status has not rendered this action moot.  There, the court denied a motion to dismiss an action based upon mootness after the USCIS had granted a request to adjust the petitioner's status after earlier refusing to extend his approval for employment based upon a secret, undisclosed "memo."  Id. at 1-2.  The court concluded that respondents who had not filed a reply memorandum in support of their motion

ORDER - 5

to dismiss had failed to meet the "heavy burden" of demonstrating that their future compliance with the law was "absolutely clear." Id. at 2.

Based upon a review of the petition, the parties' memoranda, including respondents' reply memorandum and supporting materials, I conclude that this action should be dismissed as moot. The issue giving rise to the filing of the petition here was a five-year delay in the processing of petitioner's application for an adjustment of status. Respondents have submitted uncontroverted evidence that the long delay was caused by the FBI's failure to perform a background name check needed to process the application, that the FBI has now made that check, and that petitioner's status has been adjusted. This leaves only petitioner's request for a judgment prohibiting respondents from revoking petitioner's adjustment of status sometime in the future based upon petitioner's ineligibility at the time the status was adjusted. Here, unlike in Abou El-Majd, petitioner has not alleged that respondents have previously withdrawn any benefit extended earlier to petitioner, based either on evidence that existed when the benefit was granted or otherwise. In the absence of such allegations or any material indicating that respondents either erred in adjusting petitioner's status or intend to so assert in the future, there is simply no basis here for concluding that respondents' adjustment of petitioner's status has not rendered this action moot.

## CONCLUSION

Respondents' motion to dismiss (# 10 ) is GRANTED.

DATED this  13th  day of June, 2008.

                                              /s/ John Jelderks
                                            John  Jelderks
                                            U.S. Magistrate Judge